## Butcher v. Civil Service Commission

*J. A. Sutton*, for plaintiff.

*F. F. Truscott*, city solicitor, for defendant.

*L. B. Schofield*, for Clarence J. Ferguson.

LEWIS, J., January 21, 1949.—This matter comes before us on bill in equity filed by a taxpayer against the Civil Service Commission of the City of Philadelphia seeking an order requiring that commission to revoke a certification of Clarence J. Ferguson as lieutenant of detectives, vice squad.

The bill avers that the civil service commission, after a public hearing, improperly placed the position of lieutenant of detectives, vice squad, in the exempt class; that such action was arbitrary and capricious, in violation of article XIX of the Philadelphia City Charter Act of June 25, 1919, P. L. 581.

The answer admits that the commission exempted the position of "Lieutenant of Detectives—Vice Squad" from an examination; denies that it did so capriciously and avers that the position was exempted

because there was only one person who possessed the qualifications and experience required by the position; hence an examination would be impractical.

We make these

### Findings of Fact

1. Plaintiff is a duly qualified elector of Philadelphia.

2. Defendants comprise the Civil Service Commission and Controller of the City of Philadelphia, respectively.

3. On April 15, 1948, after a public hearing with due notice, at which opportunity was afforded all interested parties to produce evidence, the commission placed in the exempt class the position of lieutenant of detectives, vice squad, to which post defendant Clarence J. Ferguson had previously received a provisional appointment.

4. At the hearing before the commission, evidence was produced as to the minimum qualifications required for lieutenant of detectives, and there was considerable discussion of additional qualifications which the commission considered necessary for the particular position in question, that of lieutenant of detectives, vice squad.

5. The transcript of the record before the commission shows that the commission listened to objections by James A. Sutton and Benjamin Chandler, appearing for the "Committee of Seventy," and explained to them that the commission deemed experience in connection with vice squad work an additional requirement for the position; that the established line of promotion was from sergeant of detectives to lieutenant; that there was only one sergeant of detectives connected with the vice squad, namely, Clarence J. Ferguson; that he possessed all the qualifications, including the necessary experience; that there was no

other person who possessed all the qualifications for this particular post and that a competitive examination would therefore be impractical. No evidence to the contrary was produced at the hearing.

6. Plaintiff did not question the fact that defendant Clarence J. Ferguson is fully qualified and fitted for the position of lieutenant of detectives, vice squad.

## Discussion

The issue here is whether the civil service commission acted "capriciously" and in "abuse of its discretion" as contended by plaintiff, in exempting from competitive examination the position of "Lieutenant of Detectives, Vice Squad," thus approving the appointment to that post of Clarence J. Ferguson.

Plaintiff does not question the qualifications and general ability of Clarence J. Ferguson, and from the evidence there appears to be no doubt of his qualifications. Lieutenant Ferguson is a veteran of World War I, has served on the police force 29 years, was promoted from patrolman to detective, from detective to sergeant of detectives, and has been assigned to the vice squad for nine years as a detective, during eight years of which he was detective sergeant, in charge of the vice squad. By reason of his efficiency, his devotion to duty and bravery, he was awarded the civic safety award in 1935 and the Bok Award in 1936. He has also received four other commendations by the director, and his record is outstandingly good.

The complaint of plaintiff appears to be that there were some 200 other persons who possessed the "minimum qualifications" and because of this, a competitive examination should have been held. This contention overlooks the fact that the minimum qualifications are not all the qualifications essential for such an executive position as lieutenant of detectives in the particular field of vice suppression.

The civil service commission held a public hearing on April 15, 1948, after due notice, for the purpose of ascertaining whether the post of lieutenant of detectives, vice squad, should be exempted from competitive examination. At that hearing James A. Sutton, who is attorney for plaintiff in this litigation, appeared for the "Committee of Seventy," together with Benjamin Chandler, Esq. These gentlemen voiced the same objections at that hearing that plaintiff here has made by bill in equity. The commission indicated to them that the position required more than the minimum qualifications and that they considered experience in connection with vice work an essential additional requirement; that the established line of promotion was from sergeant of detectives to lieutenant; that there was only one sergeant of detectives connected with the vice squad, namely, Clarence J. Ferguson. Testimony was introduced which established that Lieutenant Ferguson possessed not only the minimum but also all the necessary additional qualifications. The commission explained that while there were many possessing the minimum qualifications, there was no person other than Lieutenant Ferguson who possessed all the necessary additional qualifications, hence a competitive examination would be a waste of time and impractical. Mr. Sutton and Mr. Chandler, appearing for the "Committee of Seventy," did not offer to produce evidence to the contrary, nor did they offer any objections to the fitness of Lieutenant Ferguson.

A reading of the transcript of the record of the hearing before the commission does not show that the commission acted capriciously. Rather does it convince us that the commission gave due consideration to all the objections made and justified its proposed action as the only reasonable procedure by which to

select the person best qualified for the particular position. We cannot substitute our judgment for that of the civil service commission. See Souder v. Philadelphia, 305 Pa. 1.

Had the commission known that its procedure was to be subjected to critical examination, it might have issued a written list of the additional qualifications deemed necessary for the post to be filled. This would have eliminated all persons excepting Lieutenant Ferguson, but might have obviated the technical objections here raised. However, there was but one vacancy to be filled, and the statement of the required additional qualifications at the public hearing was sufficient evidence that the commission was not acting capriciously or in abuse of their discretion, but were proceeding in good faith and in a reasonable manner.

The city charter does not require that the civil service commission shall follow any set procedure in exempting an office from competitive examination other than to hold a public hearing, after suitable public notice, and that the reasons for such an exemption shall be stated at length in the annual reports of the commission. See article XIX, sec. 8 of the Act of June 25, 1919, P. L. 581, 53 PS §3328. This procedural requirement has been discussed recently at length in an adjudication by Judge Levinthal of Court of Common Pleas No. 6. (See Butcher v. Civil Service Commission, Common Pleas No. 6, December term, 1946, no. 3339.) In that case the court indicated it might have disagreed with the decision of the commission but that it was not within the power of the court to consider the weight of the testimony. In the case before us now, had we the right to weigh the testimony, we would arrive at the same conclusion as has the commission. Indeed, the fact that plaintiff does not except to the fitness and qualifications of Lieu-

tenant Ferguson eliminates the only reasonable purpose for bringing an action such as is before us. A court of equity always looks to the substance, that an issue may be determined on its merits. While we concede that valuable services are performed by the Committee of Seventy, it appears that more could be gained if the committee restricted its efforts to those cases in which it is in disagreement with the results of official action.

For the foregoing reasons, we have reached the following

### Conclusions of Law

1. The action of the civil service commission in exempting the position of lieutenant of detectives, vice squad, from competitive examination, was not arbitrary, capricious, irregular, illegal or void, but was a substantial compliance with the requirements of article XIX of the Act of June 25, 1919, P. L. 581.

2. The appointment of Clarence J. Ferguson as lieutenant of detectives, vice squad, was legal and valid.

3. The bill should be dismissed.

Accordingly, we made the following

### Decree

And now, to wit, January 21, 1949, this cause having come to be heard upon bill, answer and proofs, it is ordered, adjudged and decreed:

1. The bill in equity is dismissed.

2. The costs of these proceedings is to be borne by plaintiff.

The prothonotary will enter this decree nisi and give notice thereof to the parties, or their attorneys, and unless exceptions thereto are filed within 10 days, either party may present a form of final decree to be entered in the case.